Harper, Ch.
The general rule of law certainly is, that if there be a joint judgment in favor of the husband and wife, upon the death of the husband the judgment survives to the wife. It is not less a settled rule of equity, that if there be a decree in favor of husband and wife and the husband dies, the decree survives to the wife. Such was the case of Nanney v. Martin, (1 Eq. Ca. Ab. 68.) Bond v. Simons, (3 Atk. 20) and Coppin v.-, (2 P. W. 497-499. See the authorities collected in Forbes v. Phillips, (1 Eden, 502.) The rule is recognized in many cases, and I am not aware of any exception to it. It is true that where there has been a decree in favor of husband and wife, and then an order of court to pay the money to the husband, this has been held such an appropriation that it will go to the husband’s representative upon his death. Such was the case of Heygate v. Annesly, (3rd Br. C. C. 362,) and such in effect the case of Packer v. Windham, (Prec. Ch. 412; 1 Ropers law of husband and wife, 213.) In this case the decree of 1830 was that the defendants “deliver up to the complainants the slave.” The Chancellor however has looked beyond the decretal order to the fact that the marital rights of the' husband had, as it is supposed, attached upon the slave so as to make him his'separate property. It is true that if there be a trover of the wife’s property before marriage, and a conversion after-wards, the husband may sue in his own name; but if he thinks pro *183 per to join his wife and recovers judgment, this upon his death will survive to the wife. It is supposed however, that in this case the chose in action is the damages for .the wrongful conversion. But in detinue, where the object is to recover the specific property, the husband must sue alone. I have looked into the authorities and they seem to incline this way, and that it would be error if the wife should be joined. But if the error should be committed and no exception taken, the judgment standing unreversed must, as I apprehend, survive, upon the general principle that in every instance of a joint undertaking, obligation, or security to husband and wife, as well as to other persons, upon the death of one joint obligee, &c. the right will survive to the other. The separate existence of the wife is, at law, supposed to be merged in that of the husband after marriage. If a bond be given to husband and wife, it is the husband’s bond, and he alone may sue upon it. Beaver v. Lane, (2 Mod. 217) — Ankerstein v. Clarke, (4 J. R. 616,) and see the cases collected, 1 Roper’s law of husband and wife, 186-208. In the first case a judgment is quoted in which it'is said to have been held that he must sue alone, and that it would be error to join the wife, and so it is said by Roper. Yet in Coppin v.-, it was held by the Chancellor, that such a bond survives to the wife upon the death of thé husband. I suppose that the husband might have sustained an action in his own name for the slave in question. There was no necessity for his joining this demand in the same bill with that for an account against the administrator. He thought proper to make both claims in the name of himself and wife, and it has been decreed accordingly. Whatever error there may be in the decree, yet while it stands unreversed it must have its accustomed effect as a joint judgment. He however could not allege error against the claim of his own bill. The proceedings in partition not having been fully executed, are still under the control of the court.
It is therefore ordered and adjudged that the prayer of the petition be granted, and that the decree for the slave Frank and his hire survived to the petitioner, Elizabeth Muse.